UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M-Z-H,<br><br>    Petitioner(s),<br><br> v.<br><br>LAURA HERMOSILLO, et al.,<br><br>    Respondent(s). | CASE NO. C25-2523-KKE<br><br>ORDER GRANTING IN PART AND DEFERRING RULING IN PART ON PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

  Petitioner filed a petition for writ of habeas corpus and contemporaneously filed a motion for a temporary restraining order ("TRO"), requesting that he be released from immigration custody pending resolution of his habeas petition. Dkt. Nos. 1, 2. Petitioner also requests an expedited briefing/decision schedule. *See* Dkt. No. 2 at 3–4. Petitioner's motion indicates that his counsel emailed notice of the petition and the motion to the United States Attorney. *Id*. at 3 n.1.

  Under the Federal Rules of Civil Procedure and the Local Rules of this district, issuing a temporary restraining order before the non-moving party can be heard is a disfavored practice. *See* Fed. R. Civ. P. 65(b)(1), Local Rules W.D. Wash. LCR 65(b). Petitioner's motion does not persuade the Court that irreparable harm will occur unless the TRO motion is granted in full. The Court will, however, grant it in part to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (holding that federal courts have "the power

to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter").

Accordingly, the Court ORDERS as follows:

(1) Petitioner's TRO motion (Dkt. No. 2) is GRANTED IN PART, in that Defendants are ENJOINED from removing Petitioner from the Western District of Washington without leave from this Court. The Court DEFERS RULING IN PART on the remaining relief requested in Petitioner's TRO motion until the motion is fully briefed.

(2) Petitioner's counsel is ORDERED to contact Defendants' counsel to meet and confer on a briefing schedule for the TRO motion and/or habeas petition, no later than December 11, 2025. If the parties can agree on a briefing schedule, they shall file a stipulated proposed briefing schedule with the Court. If the parties cannot reach agreement on a briefing schedule, then Defendants must respond to the TRO on the schedule set by LCR 65 once service of process is accomplished.

Dated this 10th day of December, 2025.

Kymberly K. Evanson
United States District Judge